UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEPHANIE M. REDDING,

    *Plaintiff*,

  v.

KIRAN AHUJA,
Director, Office of Personnel Management,

    *Defendant*.

No. 21-cv-2449 (DLF)

## MEMORANDUM OPINION

Stephanie Redding brings this suit alleging that the Director of the Office of Personnel Management ("OPM") unlawfully discriminated against her in violation of the Rehabilitation Act and violated her constitutional procedural due process rights when OPM rescinded her disability retirement benefits. Before the Court is the defendant's Motion to Dismiss or, in the Alternative, to Transfer Venue, Dkt. 28, and the plaintiff's Motion to Consolidate, Dkt. 34. For the following reasons, the Court will grant the defendant's motion and deny the plaintiff's motion.

**I.   BACKGROUND**

In March 13, 2011, Redding started working as a Federal Air Marshal in the Department of Homeland Security's Transportation Security Agency.[1] Am. Compl. ¶ 10, Dkt. 23. She suffers from severe myopia and chronic dry eyes. *Id.* ¶ 11. In April 2017, a physician determined that she was no longer medically qualified to continue as a Federal Air Marshal. *Id.* ¶¶ 14, 15. After

---

[1] In resolving the Director's motion to dismiss, the Court has assumed the truth of the material factual allegations in the amended complaint. *See Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011).

learning this, on September 28, 2017, Redding submitted a disability retirement application to OPM.  *Id.* ¶ 15.

In January 2018, Redding completed a reasonable accommodation request to be reassigned to a position for which she would be medically qualified.  *Id.* ¶ 21.  She had not been notified that, prior to her request, the Transportation Security Agency had already determined that a reassignment search would be futile.  *Id.* ¶¶ 16, 17.  In May 2018, Redding was reassigned to a position in the Federal Law Enforcement Training Centers Behavioral Science Division in Brunswick, Georgia, with a $20,000 decrease in salary  *Id.* ¶¶ 24, 25, 27.  Redding "had difficulty with the conditions of the reassignment," but found that "[n]o one seemed to know the process" for requesting reconsideration of it.  *Id.* ¶ 28.  On January 6, 2020, Redding "was placed in an Absent Without Leave status[,] and [she was] ultimately removed from service" "for excessive absences" on June 17, 2020.  *Id.* ¶ 37 & n.6.

Around the same time Redding was reassigned, OPM denied her initial disability retirement application, which had been submitted before her reassignment.  *Id.* ¶ 29.  After Redding requested reconsideration, *id.* ¶ 30, OPM approved the application, *id.* ¶ 31.  On October 2, 2019, Redding attempted to request "immediate separation" from her position based on this approval, but her request was not processed.  *Id.* ¶¶ 32, 33.  On October 25, 2019, Redding was instead told that she could no longer rely on the approval and "needed to reapply for disability retirement" because she had accepted a reassigned position.  *Id.* ¶ 35.  Ultimately, in April 2020, OPM rescinded its initial approval of Redding's disability retirement application, *id.* ¶ 38.

Redding filed "informal complaints of disability discrimination" against the Transportation Security Administration and the Federal Law Enforcement Training Centers.  *Id.* ¶ 34.  She also filed before the Merit Systems Protection Board (MSPB) an appeal of OPM's April 2020

rescission of her disability retirement benefits approval, *id.* ¶ 39, that the MSPB dismissed for lack of jurisdiction, *id.* ¶ 41. At the same time, on both August 10, 2020 and August 25, 2020, she requested that OPM reconsider its April 2020 rescission. *Id.* ¶¶ 40, 42. On September 24, 2020, OPM affirmed that it "had improperly approved [her] disability retirement application," *id.* ¶ 43, and Redding requested reconsideration again, *id.* ¶ 45.

On October 30, 2020, OPM changed course again and approved Redding's disability retirement application a second time—this time, for her job in the Behavioral Science Division. *Id.* ¶ 46. On March 2, 2021, however, OPM rescinded the second approval, too. *Id.* ¶ 48. Redding appealed this second rescission to the MSPB in March 2021. *Id.* ¶ 49. On July 13, 2021, the MSPB issued an initial decision "affirming [OPM] had properly withdrawn . . . Redding's disability retirement application and properly rescinded its approval of benefits." *Id.* ¶ 52. That decision became final on August 17, 2021. *Id.*

On September 14, 2021, Redding filed a *pro se* complaint in this Court against the Director of OPM. Dkt. 1. Still proceeding *pro se*, she filed an amended complaint on August 4, 2022. Dkt. 23. In Count I of the amended complaint, she alleges that the Director unlawfully discriminated against her in violation of § 504 of the Rehabilitation Act by "fail[ing] to provide policies and procedures that would provide [her] a timely decision regarding her disability retirement," *id.* ¶ 66; "fail[ing] to provide . . . timely notice that [the Transportation Security Administration] had deemed the effort to reassign or accommodate [her] futile," *id.* ¶ 67; "fail[ing] to provide . . . the policies and procedures that would allow [her] to be separated due to her disability," *id.* ¶ 68; "rescinding approvals of [her] disability retirement," *id.* ¶ 69; and "subject[ing] [her] to a bureaucratic process that non-disabled federal employees are not subjected to," *id.* ¶ 70. In Count II, she alleges that the Director violated her constitutional procedural due process rights by denying

3

her disability retirement benefits twice "without appropriate notice and reasoning[] and[,] on at least one occasion, without appeal rights." *Id.* ¶ 76.  According to Redding, these errors "allowed [the Department of Homeland Security] to proceed with removing [her] from federal service for reasons other than the disability retirement approval," and "caused [her] to lose her ability to obtain gainful employment." *Id.* ¶¶ 83, 84.  Before the Court now is the Director's motion to dismiss the amended complaint for lack of subject-matter jurisdiction or, in the alternative, to transfer venue, Dkt. 28, and the plaintiff's motion to consolidate this case with a related case in this District, Dkt. 34.

## II.   LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss an action for lack of subject-matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  Federal law empowers federal district courts to hear only certain kinds of cases, and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  When deciding a Rule 12(b)(1) motion, the court must "assume the truth of all material factual allegations in the complaint and construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged, and upon such facts determine [the] jurisdictional questions." *Am. Nat'l Ins.*, 642 F.3d at 1139 (cleaned up).  But the court "may undertake an independent investigation" that examines "facts developed in the record beyond the complaint" in order to "assure itself of its own subject matter jurisdiction." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1107 (D.C. Cir. 2005) (internal quotation marks omitted).

4

## III.     ANALYSIS

### A.     Motion to Dismiss or, in the Alternative, to Transfer Venue

####     1.     *Count I (Rehabilitation Act)*

Count I, labeled "Section 504 of the Rehabilitation Act" in the amended complaint, alleges that the Director violated Section 504 by discriminating against Redding "on the basis of her disability." Am. Compl. ¶¶ 61–71.  This count will be dismissed.

Section 504 prohibits "discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency." 29 U.S.C. § 794(a).  Redding does not allege that she has been discriminated against by such a "program or activity."  Rather, she was a federal employee of the Department of Homeland Security.  Am. Compl. ¶ 10.  And the Circuit has held that § 501 of the Rehabilitation Act is the sole route to relief for federal employees alleging disability discrimination; "§ 504 does *not* provide federal employees an alternative route for relief under the Rehabilitation Act." *Taylor v. Small*, 350 F.3d 1286, 1291 (D.C. Cir. 2003) (emphasis added) (cleaned up).[2]  Redding therefore cannot state a claim under Section 504 of the Rehabilitation Act.  *See id.*; *Rouse v. Berry*, 680 F. Supp. 2d 233, 238–39 (D.D.C. 2010) (*Taylor* required dismissal of claim by federal employee participating in a long-term insurance benefit program administered by OPM).

---

[2] Redding seeks to distinguish *Taylor* because the case "was decided upon a motion for summary judgment," *see* Pl.'s Opp. at 4, Dkt. 29.  But whether a federal employee can seek relief under § 504 is a question of law that can be decided on a motion to dismiss, and in *Taylor*, the district court did just that.  *Taylor*, 350 F.3d at 1290–92 (affirming district court's *dismissal* of federal employee's § 504 Rehabilitation Act claim).

Moreover, *Minney v. U.S. Office of Personnel Management*, 130 F. Supp. 3d 225 (D.D.C. 2015), did not limit the applicability of *Taylor* as plaintiff contends, *see* Pl.'s Opp. at 4–5; *Minney* merely "refrain[ed] from addressing the merits of [the plaintiff's] statutory challenge," *id.* at 231.

Even if the Court were to construe Redding's *pro se* complaint liberally,[3] *see Dufur v. U.S. Parole Comm'n*, 34 F.4th 1090, 1096 (D.C. Cir. 2022), to instead allege a claim under § 501 of the Rehabilitation Act (which permits a federal employee to bring suit), it would still dismiss Count I for lack of subject-matter jurisdiction. To bring a § 501 claim, a plaintiff must timely exhaust administrative remedies before filing suit in federal district court, including by filing an administrative complaint. *See Spinelli v. Goss*, 446 F.3d 159, 162 (D.C. Cir. 2006); *see also Taylor*, 350 F.3d at 1292 ("Even if Taylor had pleaded her claim under § 501, we doubt the district court would have had jurisdiction to entertain it because she failed to exhaust her administrative appeal rights."). In this Circuit, the failure to administratively exhaust a Rehabilitation Act claim by "fail[ing] to file an administrative complaint or to obtain any administrative decision at all" is a jurisdictional defect. *Doak v. Johnson*, 798 F.3d 1096, 1103–04 (D.C. Cir. 2015) (citing *Spinelli*, 446 F.3d at 162); *see also Morris v. Off. of Pers. Mgmt.*, No. 20-cv-0016, 2021 WL 2188143, at *3 (D.D.C. May 28, 2021). Accordingly, "the plaintiff bears the burden of alleging facts sufficient to establish that . . . she exhausted administrative remedies." *Williams v. Brennan*, 320 F. Supp. 3d 122, 127 (D.D.C. 2018).

Redding has not established that she exhausted her administrative remedies relating to a § 501 discrimination claim against OPM. She has provided no evidence that she ever "initate[d] contact with a[n] [Equal Employment Opportunity] Counselor," 29 C.F.R. § 1614.105(a)(1), regarding OPM's alleged discrimination against her on the basis of her disability. Indeed, she alleges that she filed Equal Employment Opportunity complaints against the Federal Law Enforcement Training Centers and the Transportation Security Administration, but never OPM.

---

[3] The Court notes that Redding is now represented by counsel, and that counsel prepared Redding's opposition to the Director's motion to dismiss. *See* Dkt. 29.

Am. Compl. ¶ 34 n.5; *cf. Morris*, 2021 WL 2188143, at *3 (negotiations before an EEO Counselor with a non-defendant agency had "no bearing" on exhaustion requirement). Nor has Redding shown that, when she brought a complaint against OPM before the MSPB, she litigated any § 501 claim that she was discriminated against on the basis of her disability.[4] *See* Pl.'s Opp. at 5–6 (citing no evidence that she brought such a claim to the MSPB); *cf. Niskey v. Kelly*, 859 F.3d 1, 7 (D.C. Cir. 2017) (permitting an employee to "forgo the internal agency exhaustion process and take his claim directly to the [MSPB]"). The Court will therefore dismiss Count I for lack of subject-matter jurisdiction.

    2.    *Count II (Procedural Due Process)*

In Count II, Redding alleges that the Director violated her constitutional procedural due process rights by twice rescinding OPM's approvals of her FERS disability benefits without due

---

[4] At best, in her appeal to the MSPB, Redding used the word "discriminatory" once to refer to OPM's rescissions of her disability retirement approvals. *See* Ex. 2 at 4, Dkt. 28-3. Absent any further evidence that Redding pursued a disability discrimination claim before the MSPB, her single cursory reference to "discriminat[ion]" is likely not sufficient to show exhaustion. *See Vasser v. McDonald*, 228 F. Supp. 3d 1, 17 (D.D.C. 2016) ("To allow plaintiffs to proceed to federal court after having raised claims in only a cursory manner would undermine" the exhaustion requirement. (cleaned up)).

Even setting that aside, her isolated use of the term "discriminat[ion]" appears to refer to a *different* theory of discrimination than the one Redding now asserts. Before the MSPB, she complained that the rescissions were discriminatory because they "occurred at the same time of [her] administrative proceedings with the MSPB and EEO against [her] former agency." Ex. 2 at 4. Redding did not assert, or even suggest, that the recissions were discriminatory on the basis of her disability. *See* Am. Compl. ¶¶ 62, 65. Nor did she identify as discriminatory the various other OPM actions she challenges now in this case. *See id.* ¶¶ 66–68.

Finally, as noted below, by failing to respond (with counsel) to the Director's argument that she never alleged a § 501 discrimination claim before the MSPB, Def.'s Mem. at 10–13, Dkt. 28-1, Redding has conceded this issue. *See* Pl.'s Opp. at 6–7 (failing to respond to argument that MSPB appeal was not a mixed case); *Bautista-Rosario v. Mnuchin*, 568 F. Supp. 3d 1, 9 (D.D.C. 2021). A plaintiff bears the burden to establish that she exhausted her administrative remedies. *See Williams*, 320 F. Supp. 3d at 127. Redding has not done so here.

process.  Am. Compl. ¶¶ 72–84.  The Court lacks subject-matter jurisdiction over this claim because it can only be properly brought before the Federal Circuit.

The Civil Service Reform Act (CSRA) "specifies the benefits to which federal employees . . . are entitled[] and provides a reticulated remedial regime for beneficiaries to secure . . . judicial review[] of benefits determinations." *Fornaro v. James*, 416 F.3d 63, 66 (D.C. Cir. 2005).  "That regime provides for adjudication of all claims by OPM, 5 U.S.C. § 8347(b), appeal of adverse decisions by OPM to the MSPB, *id.* § 8437(d)(1), and subsequent review of MSPB decisions in the Federal Circuit, *id.* § 7703(b)(1); 28 U.S.C. § 1295(a)(9)." *Id.*  "[T]hese remedial provisions are exclusive, and may not be supplemented by the recognition of additional rights to judicial review having their sources outside the CSRA." *Id.*  Accordingly, "[t]he Federal Circuit has 'exclusive jurisdiction' over appeals from a final decision of the MSPB." *Elgin v. Dep't of Treasury*, 567 U.S. 1, 5–6 (2012) (quoting 28 U.S.C. § 1295(a)(9)).

These judicial review provisions in the CSRA apply to Redding's claim in Count II because she seeks review of an OPM adjudication of her FERS disability retirement benefits, *see* Am. Compl. ¶¶ 74–76.  *See Lindahl v. Off. of Pers. Mgmt.*, 470 U.S. 768, 799 (1985) (holding that the CSRA applies to disability retirement cases brought under the Civil Service Retirement System, so "MSPB decisions concerning retirement disability claims are reviewable in the first instance by the Federal Circuit"); *Anthony v. Off. of Pers. Mgmt.*, 58 F.3d 620, 622, 626 (D.C. Cir. 1995) (extending *Lindahl* to review of disability retirement decisions under the FERS); *Fed. L. Enf't Offs. Ass'n v. Ahuja*, 62 F.4th 551, 559–60 (D.C. Cir. 2023).  Redding must therefore pursue judicial review of the MSPB's decision in the Federal Circuit.  5 U.S.C. § 7703(b)(1); 28 U.S.C. § 1295(a)(9).

The CSRA provides the exclusive avenue to judicial review here even though Redding's claim is stylized as a claim to vindicate constitutional rights, not statutory rights, *see* Pl.'s Opp. at 6–7. It is well-established in this Circuit that the CSRA precludes exercise of federal district court jurisdiction over certain constitutional claims by federal employees, including *Bivens* claims relating to adverse personnel decisions. *Fornaro*, 416 F.3d at 67; *see also Spagnola v. Mathis*, 859 F.2d 223, 229–30 (D.C. Cir. 1988) (en banc); *Davis v. Billington*, 681 F.3d 377, 387–88 (D.C. Cir. 2012). This is because "extrastatutory review is not available to those employees to whom the CSRA grants administrative and judicial review." *Elgin*, 567 U.S. at 11–12.

Applying this reasoning, Redding's constitutional claim is the sort of constitutional claim precluded by the CSRA. As explained above, the CSRA explicitly provides a meaningful judicial review mechanism for her disability retirement claim, including any constitutional dimension to the claim. *See id.* at 12 ("[T]he MSPB routinely adjudicates some constitutional claims, . . . [and] . . . these claims must be brought within the CSRA scheme."); *cf. Coleman v. Napolitano*, 65 F. Supp. 3d 99, 103–05 (D.D.C. 2014) (district court had subject-matter jurisdiction to hear the plaintiff's constitutional claim because the CSRA did not otherwise provide a judicial forum for a challenge to the sort of personnel action at issue). Redding seeks damages to vindicate her alleged constitutional property rights to the approvals of her disability retirement benefits,[5] *see* Am.

---

[5] Although Redding's complaint contains one request for equitable relief—that the Director "be ordered to remove any and all derogatory references in [Redding's] Official Personnel File," Am. Compl. at 15 ¶ g—the Court understands her complaint to request that relief in connection with Count I, *see id.* ¶ 37 (alleging that OPM's failure to separate her from federal service as soon as her benefits were approved caused her to be placed in Absent Without Leave status), not Count II. Redding has not alleged any connection between her constitutional claim, which is based on OPM's two rescissions of her disability retirement benefits approvals, and her personnel file. If anything, she has alleged the opposite. The first rescission occurred four months *after* Redding was already placed on Absent Without Leave status, *id.* ¶¶ 37 n.6, 38, and the second over eight months *after* she was removed from federal service, *id.* ¶¶ 37 n.6, 48.

Compl. at 15, which can be obtained through the CSRA review mechanism. She does not bring the sort of constitutional claim seeking equitable relief, such as reinstatement, that would not be judicially reviewable at all if the CSRA precluded review in a federal district court. *See Spagnola*, 859 F.2d at 230 (precluding creation of a *Bivens* remedy for "employees . . . who advance constitutional challenges to federal personnel actions," but affirming their "right . . . to seek *equitable relief* against their supervisors, and the agency itself, in vindication of their constitutional rights" (emphasis added)); *see also Coleman*, 65 F. Supp. 3d at 104–05 (citing *Suzal v. Dir., U.S. Info. Agency*, 32 F.3d 574, 586 (D.C. Cir. 1994)); *Lamb v. Holder*, 82 F. Supp. 3d 416, 423 (D.D.C. 2015) (drawing same distinction based on whether plaintiff sought equitable relief otherwise unavailable); *cf. McCabe v. Barr*, 490 F. Supp. 3d 198, 211 (D.D.C. 2020) (subject-matter jurisdiction over constitutional claim seeking equitable relief); *Peter B. v. CIA*, 620 F. Supp. 2d 58, 70–74 (D.D.C. 2009) (same). Nor is Redding's claim "wholly collateral" to the CSRA's statutory review provisions or otherwise "beyond the expertise of the agency."[6] *Fed. L. Enf't*, 62 F.4th at 560 (citation omitted). The Court thus concludes that the CSRA precludes Redding's claim in Count II. *See Townsend v. United States*, 236 F. Supp. 3d 280, 321–22 (D.D.C. 2017).

---

At any rate, Redding cannot avoid "the CSRA's elaborate framework," *Elgin*, 567 U.S. at 11 (cleaned up), for review of her claim, which is squarely "of the type Congress intended for CSRA review," *see Fed. L. Enf't*, 62 F.4th at 560 (cleaned up), by tacking on an ancillary request for equitable relief that appears to bear little relation to her claim. Because Redding seeks equitable relief only as to Count One, which the Court will dismiss for lack of subject-matter jurisdiction, her request for equitable relief does not factor into the Court's analysis of whether the CSRA precludes review.

[6] Redding squarely challenges OPM's FERS disability retirement benefits determinations. Thus, her case is distinguished from *Minney*, upon which she relies, *see* Pl.'s Opp. at 6–7. In that case, the district court concluded that it had subject-matter jurisdiction because the plaintiff in that case brought a due process challenge to an OPM determination that was "wholly collateral" to the standard FERS benefits determination that "the MSPB is authorized to hear." 130 F. Supp. 3d at 230 n.4 (citing *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 212 (1994)).

Finally, Redding's case does not fall into the exception for "mixed cases." The CSRA's judicial review provisions do not apply to "[c]ases of discrimination subject to the provisions of section 7702 of [the CSRA]," 5 U.S.C. § 7703(b)(2)—namely, "the case of any employee or applicant . . . who has been affected by an action which the employee or applicant may appeal to the [MSPB], and alleges that a basis for the action was discrimination" prohibited by various statutes, *id.* § 7702(a)(1). For the mixed case exception to apply, the plaintiff must raise her discrimination claim "expressly and unequivocally" before the MSPB. *Meehan v. U.S. Postal Serv.*, 718 F.2d 1069, 1073 (Fed. Cir. 1983); *see also Bowe-Connor v. Shulkin*, No. 16-5289, 2017 WL 2373002, at *1 (D.C. Cir. Apr. 11, 2017) ("Appellant failed to raise the issues of retaliation or disability discrimination prior to her hearing before an Administrative Law Judge. Appellant's case was therefore not properly classified as a mixed case pursuant to 5 U.S.C. § 7703(b)(2) . . . ." (citations omitted)).

This exception does not apply here because, in Redding's MSPB appeal, she did not sufficiently raise a discrimination claim. At most, she asserted to the MPSB that it was "discriminatory that the[] [rescissions] . . . occurred at the same time of [her] administrative proceedings with the MSPB and EEO." Ex. 2 at 4. This cursory statement, standing alone, is the sort of "general and conclusory pleading of discrimination" insufficient to create a mixed case. *Hill v. Dep't of the Air Force*, 796 F.2d 1469, 1474 (Fed. Cir. 1986). Moreover, counsel for Redding conceded this argument by failing to respond to the Director's argument that she did not sufficiently raise a discrimination claim in her MSPB appeal, *see* Def.'s Mem. at 11–12.[7] "When

---

[7] In a few sentences in her Reply to Defendant's Supplemental Authority, Dkt. 39, Redding implies, without any argument, that she is asserting a "mixed case," *see id.* at 2 ("Defendant's use of *Officers Association* as the basis for its argument that Ms. Redding has not properly asserted a 'mixed case' is erroneous."). The Court need not consider an issue raised for the first time in a response to a *supplement*. *See United States v. Sum of $70,990,605*, 4 F. Supp. 3d 189, 208 n.19

a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded, even when the result is dismissal of the entire case." *Bautista-Rosario*, 568 F. Supp. 3d at 9 (cleaned up); *see also Twelve John Does v. Dist. of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997) ("Where the district court relies on the absence of a response as a basis for treating the motion as conceded, we honor its enforcement of the rule."). The Court thus considers the Director's argument that Redding did not allege a discrimination claim before the MSPB conceded, so Count II of Redding's amended complaint was not properly brought in this Court.

Although the Court concludes that it lacks jurisdiction over Count II of Redding's case, 28 U.S.C. § 1631 states that the Court "shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed." "[T]ransfers, when possible, are preferred to outright dismissals," *Leitner-Wise v. Clark*, No. 18-cv-771, 2018 WL 6787999, at *7 (D.D.C. Dec. 26, 2018) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962)), and "[t]he interest of justice generally favors transferring a case, particularly when a plaintiff is proceeding *pro se*," as Redding was when she filed her amended complaint in this Court, *Abou-Hussein v. Mabus*, 953 F. Supp. 2d 251, 259 (D.D.C. 2013). The Court concludes that it is in the interest of justice to transfer Count II to the Federal Circuit. *See Bell v. Esper*, No. 18-cv-2277, 2019 WL 6910032, at *4–*5 (D.D.C. Dec. 19, 2019); *see also* Def.'s Mem. at 13 (agreeing that "the interests of justice may be served by transferring [Count II of] the case to the Federal Circuit instead of dismissal"). Redding could

---

(D.D.C. 2014). And even if it did, this conclusory assertion does not assert a coherent argument in opposition to the Director's "mixed case" argument. *See Gov't of Manitoba v. Bernhardt*, 923 F.3d 173, 179 (D.C. Cir. 2019) ("A party forfeits an argument by mentioning it only in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones." (cleaned up)).

have brought her claim in Count II in the Federal Circuit at the time it was filed or noticed, *see Does 1-144 v. Chiquita Brands Int'l, Inc.*, 285 F. Supp. 3d 228, 233 (D.D.C. 2018), because the MSPB's August 17, 2021 final decision, Ex. 1 at 5, Dkt. 28-2, became final within 60 days, *see* 5 U.S.C. § 7703(b)(1), of Redding filing her initial complaint, Dkt. 1, on September 14, 2021.  So the Court will transfer Redding's claim in Count II to the Federal Circuit.

### B. Motion to Consolidate

Finally, the Court will deny the plaintiff's motion under Rule 42(a) of the Federal Rules of Civil Procedure, Dkt. 34, to consolidate this action with another case, No. 22-cv-3264, that she filed in this District against a different defendant.  The other case is based on different factual allegations, and it raises an entirely different set of legal issues than the instant case.  *See Moten & Bricklayers, Masons & Plasterers Int'l Union*, 543 F.2d 224, 228 n.8 (D.C. Cir. 1976) ("[T]he question of consolidation . . . is ordinarily left to the sound discretion of the District Court."); *Blasko v. Wash. Metro. Transit Auth.*, 243 F.R.D. 13, 15 (D.D.C. 2007) ("If the parties at issue, the procedural posture[,] and the allegations in each case are different . . . , consolidation is not appropriate.").

## CONCLUSION

For the foregoing reasons, the Director's motion to dismiss or, in the alternative, to transfer venue is granted. Count I is dismissed for lack of subject-matter jurisdiction. The Court also lacks jurisdiction over Count II and transfers it to the U.S. Court of Appeals for the Federal Circuit. The plaintiff's motion to consolidate is denied. A separate order consistent with this decision will accompany this memorandum opinion.

_____
DABNEY L. FRIEDRICH
United States District Judge

September 18, 2023